UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor B. Perkins,  Civil No. 17-761 (PAM/FLN)

      Plaintiff,

v.  **ORDER**

B.R. Jett, Fmr. Warden;
Mary Haugen, Unit Manager;
and U.S. Attorney General Office,

      Defendants.
_____

This matter is before the Court on Plaintiff Victor B. Perkins's Application to Proceed without Prepayment of Fees. (Docket No. 2.) The case was transferred from the Eastern District of North Carolina. (Docket No. 5.) Perkins seeks IFP status to pursue a claim under 42 U.S.C. § 1983 for what he alleges is his unconstitutional continued civil commitment.

28 U.S.C. § 1915 permits an indigent person to commence a civil action such as this "without prepayment of fees or security therefor." The Court should not grant IFP status and must instead dismiss a case commenced under § 1915 if it determines that the action fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Perkins has sought monetary relief for his allegedly unconstitutional civil commitment many times before.[1] In fact, less than a year ago, this Court dismissed

---

[1] For a list of Perkins's previous filings, see Perkins v. Jett, Civ. No. 16-1835 (D. Minn.

1

Perkins's claims for monetary relief for what he alleged was his unconstitutional civil commitment. See Perkins v. Jett, Civ. No. 16-1835 (D. Minn. Jun 16, 2016) (affirmed by Eighth Circuit Court of Appeals at Docket No. 17). The Court informed Perkins that his claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that any similar future actions would be dismissed. Perkins, Civ. No. 16-1835 (D. Minn. June 16, 2016) (Docket No. 5). The Court warned: "Absent a court order declaring his commitment illegal, should Perkins bring future actions seeking money damages arising out of the fact of his commitment, the Court will summarily dismiss the case without further discussion." Id. at 3. Perkins once again asks the Court to award him $10 million for his "wrongful civil commitment" but he does not allege that he has obtained a court order declaring his commitment illegal. (Docket No. 1-1.) Consistent with its prior warning, the Court will summarily dismiss this matter.

Because of the summary dismissal, Perkins's pending "Motion for Summary Judgement" (Docket No. 7) and "Motion for the Magistrate to Recusal Himself due to Lack of Consent from the Parties" (Docket No. 9) are denied without further discussion.

Accordingly, **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED without prejudice**;

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 2) is **DENIED**; and

---

June 16, 2016), Docket No. 5 at n. 1.

3. Plaintiff's "Motion for Summary Judgement" (Docket No. 7) and "Motion for the Magistrate to Recusal Himself due to Lack of Consent from the Parties" (Docket No. 9) are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 24, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge